# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAO NGOC TRAN TON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-02200-W-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [Doc. 9]** |

Pending before the Court is defendant New York Life Insurance Company's ("NYLIC") motion to dismiss the first amended complaint ([Doc. 8], "FAC") under Federal Rule of Civil Procedure 12(b).  ([Doc. 9], "Motion".)  Plaintiff Thao Ngoc Tran Ton opposes ([Doc. 10], "Opposition") and NYLIC has replied ([Doc. 12], "Reply".)

The Court decides the matter on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1).  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

1

## I. RELEVANT BACKGROUND

The FAC is certainly no model of clarity. It contains numerous incomplete sentences, grammatical issues, and typographical errors that make it difficult for the Court to comprehend. Accordingly, the Court begins by summarizing—to the best of its ability—what it understands the FAC's factual allegations to be:

1. NYLIC issued two annuities to Tam Thi Minh Thai ("Decedent") as owner and annuitant. (*FAC* at ¶ 1.)
2. Both annuities listed five individuals as equal beneficiaries, each entitled to an equal 20% share of the annuities. (*Id.* at ¶ 8.) Those individuals were Lan T. Swayze ("Swayze"); Hue Thi Thai ("Hue"); Than Thuan Thai ("Than"); Tien Thuan Thai ("Tien"); and Tuan Ngoc Thai ("Ngoc"). (*Id.*)
3. Plaintiff alleges that she is the daughter beneficiary Swayze; as well as the executor and trustee of "the Living Trust[s]" of the Decedent, beneficiary Than, and beneficiary Swayze. (*Id.* at ¶ 13.)
4. Decedent passed away on January 1, 2019—at which point the annuities' death benefits became payable. (*Id.* at ¶ 9.)
5. On March 20, 2019, beneficiaries Swayze and Than sent NYLIC "signed, notarized statements *relinquishing any claims they may have had to the death benefits under the Policies*." (*Id.* at ¶ 9 [emphasis added].) And while not entirely clear from the FAC, subsequent briefing suggests that the "notarized statements" ended with "Please transfer all of these benefits directly to the Trustee." ([9-2] at 80, 83.) However, Plaintiff does not allege that the notices defined what they meant by "Trustee," nor does she allege that the annuities mentioned "[t]he Living Trust" of Decedent or its trustee (Plaintiff) in any way. (*See* [9-2] at 7-88.)

6. NYLIC seems to have interpreted these notices as beneficiaries Swayze and Than disclaiming their interests in the annuities and directing their shares to be divided between the three remaining beneficiaries. (*FAC* at ¶¶ 9–12.) As such, NYLIC ultimately paid out the remaining three beneficiaries (Hue, Tien, and Ngoc) at 33% each instead of the original 20% each. (*Id*.)

7. Plaintiff asserts this was incorrect for NYLIC to do, and that the notices were actually asking NYLIC to transfer beneficiaries Swayze and Than's respective 20% shares to the trustee of Decedent's "Living Trust" (i.e., to Plaintiff). (*See id*. at ¶¶ 16, 18.) Although, the FAC does not make clear if this was so the trustee (Plaintiff) could continue to hold the money on their behalf as trustee (possibly to defer tax liability), or if they were attempting to personally give Plaintiff their 20% shares of the annuities.

8. Confusingly, on August 26, 2019, Plaintiff alleges that beneficiaries Swayze and Than sent another letter to NYLIC, in which they stated that "they now wanted to claim the benefit which they had already disclaimed." (*Id*. at ¶ 10.) Perhaps unsurprisingly, NYLIC "mailed rejection letters for the claims . . . as they were no longer the beneficiaries due to disclaiming the benefits in March 2019." (*Id*. at ¶ 10.)

9. Plaintiff now sues NYLIC for "Breach of Insurance Contract," "Insurance Bad Faith," and for "Declaratory Relief" that "Plaintiff is the sole intended beneficiary on the" annuities and that she is owed the respective 20% shares of beneficiaries Swayze and Than. (*Id*. at ¶¶ 28–39.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) ("Rule 12"). A motion to dismiss under Rule 12(b)(6) tests the complaint's

sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Additionally, in evaluating the motion, the Court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002).

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) ("Rule 8"). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). While well-pled allegations in the complaint are assumed true, a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### III. DISCUSSION

#### A. Standing

The fundamental problem with Plaintiff's FAC is that it is unclear in what capacity and under what theory she is suing. Is she suing as the trustee of Decedent's "Living Trust" arguing that the benefits were improperly distributed? Is she suing as the trustee of beneficiaries Swayze and Than's "Living Trust[s]" arguing that something should have been done with their respective 20% shares other than being redistributed to the three remaining beneficiaries? Is she suing in her personal capacity, arguing that

beneficiaries Swayze and Than's somehow assigned or transferred their interests in the annuities to Plaintiff personally? None of this is clear from the FAC.

Either way, California law only provides standing to file suit regarding a policy to those who are in "[p]rivity of contract" with the insurer. *Seretti v. Superior Nat. Ins. Co.*, 71 Cal. App. 4th 920, 929 (1999) (emphasis added) (quoting *Austero v. National Cas. Co.* 62 Cal. App. 3d 511, 516–517, (1976)) ("Whether for better or worse . . . liability for 'bad faith' has been strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship. Where no such relationship exists, no recovery for 'bad faith' may be had. [Thus], *an insurer's duty of good faith and fair dealing is owed solely to its insured and, perhaps, any express beneficiary of the insurance policy*.").

Here, Plaintiff does not allege that she, or any of the "Living Trust[s]" she asserts to be the trustee of, were in privity with NYLIC regarding the annuities at issue—as opposed to the individuals themselves. Nor has she provided the Court with any authority showing that these positions, absent some direct privity with NYLIC, provide her standing to sue here. Simply put, the Court needs Plaintiff to allege facts showing more clearly: (1) what capacity she is suing in; and (2) how that capacity gives her standing to sue.

Accordingly, the FAC must be dismissed because Plaintiff has not alleged sufficient facts showing she even has standing to bring these claims against NYLIC.

**B.  Statute of Limitation**

Even if Plaintiff did have standing, NYLIC argues that the FAC must be dismissed because this case was filed beyond California's four-year statute of limitations for breach of contract claims and two-year statute of limitations for tortious insurance bad faith claims. ([9-2] at 9–10.)

Under California law, "a cause of action accrues [until] 'when the plaintiff discovers or *should have discovered* all facts essential to the cause of action.'" *State Farm Fire & Cas. Co. v. Superior Ct.*, 210 Cal. App. 3d 604, 608 (1989) (emphasis in original) (quoting *Abari v. State Farm Fire & Cas. Co.*, 205 Cal. App. 3d 530, 535 (1988)).

Here, Plaintiff alleges that her claims accrued until September 5, 2019, when NYLIC denied beneficiaries Swayze and Than's claims, stating in a letter that they were "no longer beneficiaries." (*FAC* at ¶ 16; *Opposition* at 2.) In its Motion, NYLIC points to a July 10, 2019 letter in which it claims it notified beneficiaries Swayze and Than that it had followed their requests to disclaim their interests in the annuities. ([9-1] at 9; [9-2] at 86.) Unfortunately for NYLIC, the Court at this stage cannot consider this extrinsic evidence and must accept the well-pled allegations in the FAC as true. As alleged in the FAC, the first time beneficiaries Swayze and Than had notice of the "misunderst[anding]" was when it received the September 5, 2019 letter. Accordingly, the statute of limitations accrued until September 5, 2019—which is within four years but beyond two years of when this case was filed on August 29, 2023. Thus, only Plaintiff's "Insurance Bad Faith Claim" falls outside the statute of limitations.

## IV. Leave to Amend

In its Opposition, Plaintiff asks the Court for leave to amend the FAC if the Motion is granted. (*Opposition* at 5.) Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend] when justice so requires." Furthermore, leave to amend "should be granted with 'extreme liberty'" and only be denied when "it is clear . . . that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

Considering this circuit's preference for permitting amendment where not futile, the Court cannot conclude that Plaintiff could not possibly allege additional facts to demonstrating in what capacity she is suing and how that capacity gives her standing to sue. As such, the Court grants Plaintiff leave to amend her FAC.

If Plaintiff opts to amend her FAC, the factual allegations in her second amended complaint must be "consistent with" and may "not contradict the allegations in the original complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

## V. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** NYLIC's Motion to Dismiss [Doc. 9]. The FAC [Doc. 8] is **DISMISSED WITH LEAVE TO AMEND**. If Plaintiff opts to file a second amended complaint, it must do so on or before **November 4, 2024**.

**IT IS SO ORDERED.**

Dated: October 21, 2024

_____
Hon. Thomas J. Whelan
United States District Judge