UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THAO NGOC TRAN TON,

Plaintiff,

v.

NEW YORK LIFE INSURANCE COMPANY,

Defendant.

Case No.:  23-CV-2200-W-AHG

**ORDER DENYING MOTIONS WITHOUT PREJUDICE TO REFILING IN AN APPROPRIATE COURT AND CLOSING CASE (Doc. 24, 25, 26)**

Pending before the Court are three motions filed by Plaintiff Thao Ngoc Tran Ton pro se and not through her counsel of record.  The motions are (1) Motion to Vacate, Set Aside a Dismissed Order Pursuant to Fed R. Civ. P. 60(b) [Doc. 24], (2) Motion to Relieve the Attorney and Proceed Pro Se [Doc. 25], and (3) Motion for Leave to File Second Amended Complaint [Doc. 26].  Plaintiff's counsel filed no response to the motion requesting his termination.  Also, counsel for Plaintiff did not move to withdraw from representation of Plaintiff, and the Court has not granted his leave to withdraw. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992) ("An attorney may not withdraw as counsel except by leave of court."); *see also* Civ.L.R. 83.3.f.3.

//

//

1

The Court enters the following Order for greater clarity for Plaintiff who has been filing documents independent of her counsel of record.

After notice and filings from both parties represented by counsel, this case was dismissed for a lack of subject matter jurisdiction, based upon Plaintiff's failure to allege sufficient facts to establish standing. (*Dismissal Order* [Doc. 14].) In the Dismissal Order, the Court concluded that (1) Plaintiff had not alleged sufficient facts to support standing to give the Court jurisdiction over the case and (2) three of Plaintiff's four claims were barred by the statute of limitations, leaving only her "Insurance Bad Faith Claim" as not time barred. (*Id*. at 4–6.) The Court granted Plaintiff leave to amend on or before November 4, 2024. (*Id*. at 7.) No timely amended complaint or request for extension of time was filed.

After dismissal and the lapse of the time to amend, Plaintiff attempted multiple filings that the Court struck from the record as inappropriately filed in a dismissed case over which the Court has no subject matter jurisdiction based on a lack of standing, *see ECF Admin. Policies & Proc. Man.* § 2.g.5 (S.D. Cal. Jan. 16, 2026) ("The Court may, upon its own motion, strike any inappropriately filed document."). (*See* Doc. 15, 17, 19, 21.) After the first two of these four filings, the Court entered an order dismissing the case without prejudice to Plaintiff's ability to file her case in a court of competent jurisdiction. (*Second Dismissal* [Doc. 18].) There, the Court reiterated for all parties the impact of its Dismissal Order in combination with Plaintiff's failure to amend or to seek an extension of time to amend between November 4, 2024, and January 23, 2025. (*Id*.)

More than three months after the deadline to amend her pleading, Plaintiff, through counsel of record, attempted to file a Second Amended Complaint without seeking leave to file late or seeking relief from the dismissal.[1] (Doc. 19; *see also* Doc. 20-1 (containing

---

[1] The Court takes judicial notice of its own docket. Fed. R. Evid. 201. In the Second Amended Complaint, that was rejected by discrepancy order, Plaintiff abandoned the causes barred by statute of limitations pursuant to the Dismissal Order, suggesting knowledge of the Dismissal Order and its rulings. (*See* Doc. 20-1 at 11–12.)

23-CV-2200-W-AHG

the header and electronic signature of Plaintiff's counsel of record).)  The Court struck that document by discrepancy order because the case had been dismissed and, before the Court at that time, there was (1) no timely request for additional time, (2) no request for leave to file after the deadline, (3) no request for relief from the Dismissal Order, and (4) no timely filed amended complaint.  (Doc. 20.)

Some nine months later, on October 30, 2025, Plaintiff filed a "request for miscellaneous relief." (*Third Submission* [Doc. 21].)  There, Plaintiff argued that her counsel did not call her immediately after the Dismissal Order and failed to ask her for her instructions regarding amendment of her complaint.  (*Id*. at 1.)  By discrepancy order, the Court struck the Third Submission on November 6, 2025, noting that the "case was closed as of January 23, 2025."  (Doc. 22.)  On November 20, 2025, Plaintiff filed a letter to the Court, arguing that her counsel committed malpractice and requesting the Court permit her to file a motion to vacate the order of dismissal on grounds of her lawyer's malpractice.  (Doc. 23.)

There is no pleading before the Court in this case.  Plaintiff remains free to pursue her allegations—against Defendant or her counsel—in another court with jurisdiction.  However, because Plaintiff conflates the actions of her counsel with the timing of her response to the Court's original Dismissal Order, the Court sets forth here for Plaintiff's benefit the following additional instructions:

- The Court has no subject matter jurisdiction over this closed case that lacked standing, and there is no operative pleading in this closed case.  Plaintiff, however, remains unconstrained by this Court (by virtue of the dismissal without prejudice) to pursue her claims in another and appropriate court by filing a lawsuit there.

It is **FURTHER ORDERD** that,

- Plaintiff's pending motions [Doc. 24, 25, 26] are denied without prejudice to her raising them in an appropriate court, regardless of whether such potential

23-CV-2200-W-AHG

proceedings are related to Plaintiff's arguments about insurance or malpractice.

- Plaintiff is instructed that further filings in this case may be construed as a violation of Court order.  *See* Civ.L.R. 83.1(a).

The Clerk of Court is instructed to close the case.

**IT IS SO ORDERED.**

Dated:  March 5, 2026

_____
Hon. Thomas J. Whelan
United States District Judge

23-CV-2200-W-AHG